UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE EDWARD WILLIAMS, and
MARTHA DARLENE WILLIAMS,

        Plaintiffs,

   v.

DAIICHI SANKYO, INC., et al.

       Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 14-863
(JEI/AMD)

**OPINION**

---

SHELLY RAHMAN, and ABU RAHMAN,

        Plaintiffs,

   v.

DAIICHI SANKYO, INC., et al.

       Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 14-864
(JEI/AMD)

**OPINION**

**APPEARANCES**:

LOPEZ MCHUGH, LLP
By: Regina S. Johnson, Esq.
    Rayna E. Kessler, Esq.
712 East Main Street, Suite 2A
Moorestown, New Jersey 08057
    Counsel for Plaintiffs George Edward Williams, Martha
    Darlene Williams, Shelly Rahman, and Abu Rahman

LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, PA
By: J. Michael Papantonio, Esq.
    Daniel A. Nigh, Esq.
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502
    Counsel for Plaintiffs George Edward Williams and Martha
    Darlene Williams

1

DRINKER BIDDLE & REATH LLP
By:  Susan M. Sharko, Esq.
     Zoha Barkeshli, Esq.
500 Campus Drive
Florham Park, New Jersey 07932
     Counsel for Defendants


**Irenas**, Senior District Judge:

These two lawsuits, having been removed from the Superior Court of New Jersey by Defendants Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc., come before the Court on Plaintiffs' Motions to Remand.  Because the motions raise the same question of law and have highly similar factual circumstances, the Court considers them together for purposes of efficiency.  In support of their motions, Plaintiffs argue that removal of this case was improper because the Defendants violated the "forum defendant rule," codified at 28 U.S.C. § 1441(b)(2).  For the reasons set forth below, Plaintiffs' motions will be granted, and these two cases will be remanded back to the New Jersey Superior Court.


**I.**

The facts and procedural history of these two cases are fairly straightforward, and the Court reviews only the necessary facts for deciding the pending motions to remand.

**A.**

On February 6, 2014, Plaintiffs George and Martha Williams (the "Williams Plaintiffs") filed a Complaint in the Superior Court of New Jersey, Law Division, Atlantic County.  Their suit seeks damages for personal injuries and loss of consortium as a result of George Williams's alleged use of the blood pressure drug olmesaran medoxomil.

The Williams Plaintiffs name six Defendants in their Complaint: Daiichi Sankyo, Inc.; Daiichi Sankyo U.S. Holdings, Inc.; Daiichi Sankyo Co., Ltd.; Forest Laboratories, Inc. ("FLI"); Forest Pharmaceuticals, Inc. ("FPI"); and Forest Research Institute, Inc.[1]  Their Complaint seeks to recover for nineteen causes of action, all pursuant to New Jersey state law.

Five days later, on February 11, the Superior Court issued a Track Assignment Notice ("TAN") to the Williams Plaintiffs. (Kessler Decl. ¶ 6 (Williams); see also Pls.' Ex. B (Williams)) In accordance with New Jersey Civil Practice Rule 4:4-1, the Williams Plaintiffs issued summonses for all six Defendants within fifteen days of receiving the TAN, and on February 20th, the Williams Plaintiffs served all of the Defendants except the

---

[1] Plaintiffs George and Martha Williams also named a number of fictitious Defendants, not relevant for purposes of the instant motion.

3

Japanese Defendant, Daiichi Sankyo Co., Ltd.  (Kessler Decl. ¶¶ 7-8 (Williams))[2]

Also on February 11, before the Williams Plaintiffs served any Defendant, FLI and FPI removed the case to this Court.  The Notice of Removal contended that this Court had original jurisdiction over the Williams Plaintiffs' Complaint pursuant to 28 U.S.C. § 1332's diversity jurisdiction.  (Notice of Removal ¶ 4 (Williams))  There is no dispute that the Williams Plaintiffs are both citizens of Texas.  (Compl. ¶¶ 1-2 (Williams))  In addition, the parties do not dispute that Daiichi Sankyo, Inc. is a citizen of Delaware and New Jersey; Daiichi Sankyo U.S. Holdings, Inc. is a citizen of Delaware and New Jersey; Daiichi Sankyo Co., Ltd. is a citizen of Japan; FLI is a citizen of Delaware and New York; FPI is a citizen of Delaware and Missouri; and Forest Research Institute, Inc. is a citizen of New Jersey.  (Notice of Removal ¶¶ 7-12 (Williams))  Finally, neither party disputes that the amount in controversy exceeds $75,000.  (Id. ¶ 15)

Between FLI and FPI's Notice of Removal on February 11 and service on February 20, Defendant Forest Research Institute, Inc. filed an Answer in this Court on February 17.  On March 13,

---

[2] Because the parties' filings are substantially similar in each case, the Court includes the Plaintiffs' last name in citations for clarity, where appropriate.

4

the Williams Plaintiffs filed the pending motion to remand back
to the Superior Court, Atlantic County.  Defendants FLI and FPI
oppose this motion.  During the course of briefing the motion to
remand, FLI and FPI filed an Answer on March 21, and Daiichi
Sankyo U.S. Holdings, Inc. and Daiichi Sankyo, Inc. filed a
separate Answer on the same day.

### B.

Plaintiffs Shelly and Abu Rahman (the "Rahman Plaintiffs")
also filed suit in the New Jersey Superior Court, Law Division,
Atlantic County, on February 6, 2014.  Just like the Williams
Plaintiffs, the Rahman Plaintiffs bring their suit to recover
for personal injuries and loss of consortium, allegedly
resulting from Shelly Rahman's use of the blood pressure drug
olmesaran medoxomil.

Also like the Williams Plaintiffs, the Rahman Plaintiffs
name the same nineteen state-law claims and the same six
Defendants in their suit.[3]  Defendants FLI and FPI removed the
Rahmans' suit to this Court on February 11.  In their Notice of
Removal, FLI and FPI again contended that this Court's diversity
jurisdiction, pursuant to 28 U.S.C. § 1332, permitted removal.
(Notice of Removal ¶ 4 (Rahman))  Neither party disputes that

---

[3] The Rahman Plaintiffs also name a number of fictitious Defendants, a
fact again not relevant to consideration of the pending motion.

the Rahman Plaintiffs are citizens of Pennsylvania, while the Defendants' citizenship is the same as listed *supra*.  (Id. ¶¶ 6-12)  Again, neither party disputes that the amount in controversy exceeds $75,000.  (Id. ¶ 15)

On the same date as FLI and FPI's removal, February 11, the Superior Court issued a TAN to the Rahman Plaintiffs.  (Kessler Decl. ¶ 6 (Rahman))  On February 12, the Rahman Plaintiffs issued summonses for each Defendant, which they served with a copy of the Complaint and TAN to all Defendants except the Japanese citizen, Daiichi Sankyo Co., Ltd. on February 14.  (Id. ¶¶ 7-8)  On February 17, Forest Research Institute, Inc. filed an Answer.

On March 13, the Rahman Plaintiffs filed the pending motion to remand this case back to the Superior Court, Atlantic County. FLI and FPI oppose this motion.  During the course of briefing the motion, FLI and FPI filed an Answer on March 21, and Daiichi Sankyo U.S. Holdings, Inc. and Daiichi Sankyo, Inc. filed an Answer on the same day.

The pending motions to remand are now fully briefed and ripe for consideration.

## II.

Defendants FLI and FPI removed these two cases pursuant to the federal removal statute, 28 U.S.C. § 1441, citing this

6

Court's diversity jurisdiction under § 1332.  As detailed *supra*, the parties do not dispute that complete diversity exists among the Plaintiffs and Defendants, and the amount in controversy in both cases exceeds $75,000.  However, the Williams and Rahman Plaintiffs contend, among other arguments, that FLI and FPI's removal failed to comply with the requirements of § 1441.

Under 28 U.S.C. § 1441(a), a defendant may remove a case from a state court to federal district court if the federal courts have original jurisdiction over the case.  Where the federal court's original jurisdiction is based on diversity, § 1441(b) imposes an additional condition known as the "forum defendant rule."  The relevant statute provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought.

§ 1441(b)(2).  The federal removal statute is "to be strictly construed against removal."  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).  In that vein, all doubts regarding removal must be resolved in favor of remand.  *Samuel-Bassett*, 357 F.3d at 396.

At the time of FLI and FPI's removal of these two cases from New Jersey Superior Court, no Defendant had been served in

7

either case.  (Notice of Removal ¶¶ 7-12 (Williams) (Rahman))
FLI and FPI are undisputedly non-forum Defendants -- they are
citizens of Delaware and New York, and Delaware and Missouri,
respectively.  However, Daiichi Sankyo, Inc., Daiichi Sankyo
U.S. Holdings, Inc., and Forest Research Institute, Inc. are all
undisputedly forum Defendants, stemming from their New Jersey
citizenship.  In light of these circumstances, FLI and FPI
contend that removal of these cases complies with the plain
language of the forum defendant rule because no forum Defendant
was served at the time of removal, and they may therefore
proceed in this Court.  On the other hand, the Plaintiffs argue
that FLI and FPI's interpretation of the forum defendant rule
"disregard[s] the congressional intent and meaning of the
federal removal statutory scheme."  (Rahman Pls.' Reply at 4;
Williams Pls.' Reply at 4)  Better stated, the Court must
determine whether application of § 1441(b)(2) precludes FLI and
FPI's removal of these cases to this Court because of the
presence of forum Defendants that had not been served at the
time of removal.

    Courts within the Third Circuit, when considering issues of
statutory construction, must:

> give effect to the will of Congress, and where
> its will has been expressed in reasonably
> plain terms, that language must ordinarily be
> regarded as conclusive.  If the language of
> the statute is plain, the sole function of the

> court is to enforce the statute according to
> its terms.  The plain meaning is conclusive,
> therefore, except in the rare cases in which
> the literal application of a statute will
> produce a result demonstrably at odds with the
> intentions of its drafters.

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001)

(internal citations omitted).

Previously, this Court determined that the language of §

1441 was unambiguous and plain.  *See*, *e.g.*, *Poznanovich v.*

*AstraZeneca Pharm. LP*, No. 11-cv-4001 (JAP), 2011 WL 6180026, at

*4 (D.N.J. Dec. 12, 2011); *Bivins v. Novartis Pharms. Corp.*, No.

09-cv-1087 (RBK/KMW), 2009 WL 249518, at *2 (Aug. 10, 2009).  As

a result, the plain meaning of § 1441(b)(2)'s terms permitted

non-forum defendants in diversity cases to remove those cases to

this Court, so long as the forum defendant had not been served

at the time of removal.  *E.g. Poznanovich*, 2011 WL 6180026, at

*3-4 ("The language of the statute is clear that Congress

intended § 1441(b)'s prohibition on removal to apply not merely

where a forum defendant is properly joined in the action, but

only where service has been effected on that forum defendant.").

This Court has, however, also reached the opposite

conclusion.  *See*, *e.g.*, *Walborn v. Szu*, No. 08-cv-6178 (DRD),

2009 WL 983854, at *5 (D.N.J. April 7, 2009); *see also Sullivan*

*v. Novartis Pharms. Corp.*, 575 F.Supp.2d 640, 646-47 (D.N.J.

2008) (considering purpose underlying forum defendant rule).  As

explained in *Sullivan*, simply giving effect to the "joined and served" requirement of the forum defendant rule would "reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve such process." *Sullivan*, 575 F.Supp.2d at 646. Such an outcome would contradict the intention of congressional drafters, and therefore application of the plain meaning of the terms would be inappropriate. *Id.* at 646-47.

In view of these conflicting authorities, this Court concludes that giving effect to the plain language of the forum defendant rule in these cases would result in an outcome at odds with the intentions of its drafters. To reach this conclusion, the Court adopts the rationale explained in *Walborn*, a case with analogous factual circumstances.[4] There, the Court referred to the "review of policy developments underlying the addition of the forum defendant rule to the removal statute in 1948," fully

---

[4] In that case, a Pennsylvania citizen brought suit in New Jersey Superior Court to recover for injuries exceeding $750,000, sustained in an automobile collision with another car. *Walborn*, 2009 WL 983854, at *1. As defendants, the suit named the plaintiff's insurance company, a citizen of Connecticut and Nebraska, and the other driver, a New Jersey citizen. *Id.* The plaintiff initiated his suit in the Superior Court on October 10, 2008, and the insurance company defendant removed to the federal district court on December 16 before service on the other driver. *Id.* The parties agreed that the plaintiff made "diligent efforts" to serve the other driver, including attempts by local police on November 17 and 20, but service on the New Jersey citizen was not effected until January 27, 2009. *Id.* In the two pending motions to remand, the non-forum Defendants (FLI and FPI) removed these two cases while the Williams and Rahman Plaintiffs attempted to serve both the non-forum and forum Defendants. (*E.g.* Kessler Decl. ¶ 8(Williams))

detailed in the *Sullivan* case.  *Walborn*, 2009 WL 983854, at *5
(citing *Sullivan*, 575 F.Supp.2d at 645-47).  This review
explained that "Congress added the 'properly joined and served'
requirement [in 1948] in order to prevent a plaintiff from
blocking removal by joining as a defendant a resident party
against whom it does not intend to proceed, and whom it does not
even serve." *Sullivan*, 575 F.Supp.2d at 645.  The addition of
this language to the removal statute came as a result of the
"pervasive" practice of joining a forum defendant "against whom
[a plaintiff] did not intend to proceed," a substantial issue in
1948 when the forum defendant rule's current incarnation was
first codified.  *Walborn*, 2009 WL 983854, at *5.  With that in
mind, there was no evidence that "Congress, in adding the
'properly joined and served' language, intended to create an
arbitrary means for a forum defendant to avoid the forum
defendant rule simply by filing a notice of removal before the
plaintiff is able to effect process." *Sullivan*, 575 F.Supp.2d
at 645.  Nor could Congress have anticipated "the tremendous
loophole that would one day manifest from technology enabling
forum defendants to circumvent the forum defendant rule by,
*inter alia*, electronically monitoring state court dockets." *Id.*

The factual circumstances of the instant cases, filed in
New Jersey Superior Court, raise these technological loopholes
alluded to in *Sullivan*.  In New Jersey state courts, a civil

11

action is "commenced by filing a complaint with the court."
N.J. Civ. R. 4:2-2.  This complaint, together with a summons,
must be served in accordance with Rules 4:4-4 and 4:4-5.
However, the Superior Court's system of "Case Tracks" impacts
the timing of events at the start of a lawsuit.  This system
assigns a Track Assignment Number ("TAN") to every civil action
filed in the Superior Court.  N.J. Civ. R. 4:5A-1.  Under Rule
4:5A-2(a), the Plaintiff "shall annex a copy of the [TAN] to
process served on each defendant."  As a result, plaintiffs
cannot serve defendants in accordance with New Jersey Civil
Practice Rules until they obtain a TAN.  N.J. Civ. R. 4:5A-2(a).
Thus, Superior Court defendants may monitor publicly accessible
dockets and remove to federal court before service upon a forum
defendant -- during the mandatory standstill period while
plaintiffs wait for TAN assignment -- in spite of the forum
defendant rule's prohibition on removal when a forum defendant
is "properly joined and served."  This circumvention of the
forum defendant rule contravenes the drafters' intent to avoid
gamesmanship with the removal statute, and where such a
situation occurs, this Court cannot apply the plain language of
the forum defendant rule to condone the removal.[5]

---

[5] In their opposition to the motions to remand, Defendants FLI and FPI
highlight that § 1441(b) was revised by the Federal Courts Jurisdiction and
Venue Clarification Act of 2011.  Pub. L. No. 112-63, § 103(b), 125 Stat.
758, 760 (codified at 28 U.S.C. § 1441).  In this revision of § 1441,
Congress elected to leave the "properly joined and served" text of the forum

The Defendants' actions in these two cases demonstrate why application of the plain meaning of the forum defendant rule would be inappropriate.  The Williams Plaintiffs filed their Complaint in the Superior Court on February 6, 2014.  (See Compl. (Williams))  Five days later, the Williams Plaintiffs received a TAN, in accordance with New Jersey Civil Practice Rule 4:5A-2(a), and served the Defendants on February 20. (Kessler Decl. ¶¶ 6-8 (Williams))  By then, however, non-forum defendants FLI and FPI had already removed the Complaint to this Court on February 11, despite the presence of three forum Defendants present in the lawsuit.  (See Notice of Removal (Williams))  This removal occurred on the same day as the TAN

---

defendant rule unchanged.  *Id.*  FLI and FPI point out that "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without a change."  *Forest Grove School Dist. v. T.A.*, 557 U.S. 230, 239-40 (2009) (quoting *Lorillard v. Pons*, 434 U.S. 575, 580 (1978).  Other district courts, in view of this presumption, give effect to the plain meaning of the forum defendant rule as being consistent with the 2011 drafters' intentions.  *See, e.g., Munchel v. Wyeth LLC*, No. 12-cv-906-LPS, 2012 WL 4050072, at *4 (D. Del. Sept. 11, 2012); *Regal Stone Ltd. v. Longs Drug Stores Ca., L.L.C.*, 881 F.Supp.2d 1123, 1128-29 (N.D. Cal. 2012).  However, other courts reviewing the congressional record reach the opposite conclusion, finding that the legislative history of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 does not mention the "'properly joined and served' language . . . nor was the substantial disarray among the district courts discussed."  *Gentile v. Biogen Idec, Inc.*, 934 F.Supp.2d 313, 320-21 (D. Mass. 2013) (citing H.R. Rep. No. 112-10, at *11-16 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580).  This Court finds the *Gentile* review of the 2011 drafters' intentions more persuasive.  The *Gentile* court concluded that rejecting the plain language under similar factual circumstances to the instant case avoided "reward[ing] the kind of gamesmanship" that the "properly joined and served" language originally meant to avoid.  *Gentile*, 934 F.Supp.2d at 321.  Given that the New Jersey Civil Practice Rules make it impossible for a plaintiff to serve before assignment of a TAN, this Court agrees that rejecting the plain meaning of the "properly joined and served" is warranted under the present circumstances.

13

assignment, demonstrating that the Williams Plaintiffs could not have served the forum Defendants in accordance with New Jersey Civil Practice Rules before the removal of their case.  Indeed, FLI and FPI highlight the conflict in their Notice of Removal where they state that "[t]he action may be removed pursuant to 28 U.S.C. § 1441 because (i) there is complete diversity of citizenship between the plaintiffs and *properly joined and served defendants* pursuant to 28 U.S.C. § 1332(c)(1)" in paragraph four, and then clearly state on the same page that none of the Defendants had been served yet.  (Notice of Removal ¶¶ 4, 7-12 (emphasis added) (Williams))

Similarly, the Rahman Plaintiffs filed their Complaint in the Superior Court on February 6, 2014.  (See Compl. (Rahman)) They also received a TAN on February 11, and served the Defendants on February 14.  (Kessler Decl. ¶¶ 6-9 (Rahman)) Here also, non-forum Defendants FLI and FPI removed the case on February 11, before the Rahman Plaintiffs could serve their suit in accordance with the applicable Civil Practice Rules.  Indeed, FLI and FPI include the same language concerning grounds for removal under § 1332(c)(1) and the lack of service in their Notice of Removal as they did in the case brought by the Williams Plaintiffs.  (Notice of Removal ¶¶ 4, 7-12 (Rahman))

In sum, permitting these non-forum Defendants to remove before the Plaintiffs are actually capable of serving the forum

14

Defendants violates the intention of the forum defendant rule by permitting gamesmanship.  Though this district has divided on the proper interpretation of the forum defendant rule, Courts within the Third Circuit must resolve all doubts in favor of remand.  *Samuel-Bassett*, 357 F.3d at 396.  In the absence of any evidence that the joinder of the forum Defendants was improper, this Court holds that the removal of these two cases violated the forum defendant rule because of the presence of the three forum defendants -- Daiichi Sankyo, Inc.; Daiichi Sankyo U.S. Holdings, Inc.; and Forest Research Institute, Inc. -- and the impossibility of service on those Defendants before removal. This Court must therefore remand these two cases back to the Superior Court, Atlantic County.


### III.

In their motions to remand, the Williams and Rahman Plaintiffs seek the award of attorneys' fees and costs incurred by the defective removal of their cases.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  As FLI and FPI properly highlight, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

15

Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court has acknowledged the split of authority in this district concerning the application of the forum defendant rule. Given this split, the Court cannot conclude that FLI and FPI lacked an objectively reasonable basis for removal. The Court will therefore not award attorneys' fees and costs under § 1447(c).

## IV.

Based on the foregoing, the Court will remand both cases to the Superior Court, Atlantic County, but will not award attorneys' fees and costs to the Williams and Rahman Plaintiffs. Appropriate Orders accompany this Opinion.

Date: 4-9-14

s/ Joseph E. Irenas
**Joseph E. Irenas, S.U.S.D.J.**